## In re HUGGINS.

No. 24228. March 6, 1934.
Rehearing Denied April 24, 1934.

Tom C. Waldrep, Wm. R. High, C. L. Hill, Hubert Hargrove, M. H. Mills, and C. M. Threadgill, for respondent.

J. H. Everest and Wade H. Loofbourrow, for State Bar.

McNEILL, J. The Board of Governors of the State Bar of Oklahoma has recommended to this court the disbarment of J. R. Huggins, a member of the State Bar of this state, hereinafter referred to as respondent.

The proceeding was instituted on June 21, 1930, by a complaint filed against respondent before the administrative committee for the ninth section of the State Bar of Oklahoma.

The complaint charged, in substance, that respondent, on June 12, 1929, filed in the district court of Seminole county, Okla., a petition for divorce in the case of Bass v. Bass, being case No. 14348, and that in said case the presiding judge made certain orders for the court costs, attorney's fees, and temporary alimony; that respondent procured a modification of said order on the promise to the presiding judge that he would make the payments at a certain date; that said promise was not made in good faith; and in order to avoid said misrepresentation to said judge, in July 1, 1929, respondent procured the county court in Pontotoc county to declare his client an incompetent; that on July 19, 1929, the presiding judge of the district court of Seminole county sentenced the client of respondent for contempt, and pursuant to said sentence he was placed in the county jail of Seminole county; that thereafter said respondent by reason of falsified records procured a release of said client in a habeas corpus proceeding under an order of the Supreme Court of this state.

These are serious charges.

A detail of this evidence can serve no useful purpose. If these facts are true as charged, respondent has no right to enjoy the privilege of being an officer of this court, assisting in administering justice. Such conduct cannot aid the court. It constitutes a reproach upon the profession of law.

It appears from this record that, in said divorce proceeding, the district court, on June 27, 1929, after a hearing, ordered the client of respondent to pay the sum of $50 a month alimony commencing on July 1, 1929. Thereafter, respondent presented to

Honorable Lucius Babcock, assigned district judge, an order to the effect that said alimony should not be paid until July 15th; that the district judge consented to this change in his order and signed a journal entry to that effect, which had been presented to him by said respondent. Respondent, however, emphatically denies that he ever prepared such an order or had any knowledge of the same having been prepared or filed. Thereafter, said respondent prepared the necessary papers to have his client declared an incompetent before the county court of Pontotoc county on July 1, 1929.

The county court of said county, on July 10, 1929, made an order appointing one Denver Davidson as the guardian of respondent's client. It appears, from this evidence, reasonable to conclude that the action of respondent in respect to this proceeding in Pontotoc county does not savor of good faith, fidelity to the court, or honor to the legal profession. After the appointment of the guardian in Pontotoc county a citation was issued out of the district court of Seminole county on July 16, 1929, in said divorce action by reason of the failure of respondent's client to pay the alimony in said divorce proceeding. Said client was lodged in jail for failure to purge himself of contempt, and thereafter habeas corpus proceedings were instituted in the district court of said county to obtain the release of said client. The district court denied this writ. Thereafter, habeas corpus proceedings were instituted in this court, and a transcript of the record was prepared by respondent and certified to by the court clerk of Seminole county as being a true, correct, and complete copy of all the records in that case in his office. This transcript was misleading.

We quote from the opinion of the Board of Governors:

"The petition for the writ of habeas corpus (Record, p. 164) after reciting the incarceration of Bass, stated that the cause of the incarceration so far as known to your petitioner is:

"For a contempt of the court for failure to pay alimony and attorneys' fees as provided in a certain order denominated a restraining order issued in a certain cause pending in the district court of Seminole county, Okla., wherein E. W. Bass was plaintiff and Maggie Bass was defendant, and wherein the said plaintiff was ordered to pay the sum of money set forth in said order herein attached as a part of the entire and complete record in said cause so pending. A copy of the entire, complete and all of the record in said cause is hereto attached, marked Exhibit 'A', and made a part of the application herein. Said certified record shows on its face that the said applicant herein had never been ordered to do anything by a court or judge possessing jurisdiction to do anything but issue a restraining order; that the said order which the said applicant herein and the plaintiff in the district court was cited to show cause why he should not be held in contempt of the order made on the 15th day of June, 1929, and the said order of commitment to the county jail was for an order made on the 28th day of June, 1929; that the record affirmatively shows that no order was made on the 28th day of June to pay alimony, or to do any other act or thing in connection with said cause, that the said certified copy of the record in said cause pending in the district court of Seminole county as above set forth shows affirmatively on its face that the said court had no jurisdiction to order this applicant and plaintiff in said cause to do or perform any act which was attempted in said cause and the same is null, void and without force and effect and this applicant is being restrained for failing to do something which the court had no power to order done.

"This applicant alleges that he has done no act or performed no deed at variance or inconsistent with the valid portion of said order wherein he was restrained from disposing of his said property in any way until the further order of the court, but having no property of any nature affected by said order there has been no disposition to avoid or in any way violate the order of the court.

"The transcript prepared by the respondent, Huggins, attached to the petition in the Supreme Court of Oklahoma for the writ of habeas corpus does not contain the order made by Judge Babcock on June 27, 1929. It does contain the so-called temporary restraining order issued by the county judge on June 15, 1929, in which order the plaintiff Bass was commanded to pay certain sums of money; and it contains a copy of a purported citation of date of July 16, 1929, ostensibly signed by Judge Babcock citing Bass to show cause against his failure to comply with the order of June 15, 1929 (Record, p. 185) while the true citation issued on July 16, 1929 (Record, p. 161) cited Bass to show cause against his failure to comply with the order of June 27, 1929, instead of 'the fifteenth day of June, 1929.' * * *"

Findings of Fact.

"Upon a consideration of the record the Board of Governors make the following findings of fact:

"1. That during the years 1929, 1930 and ever since, the respondent J. R. Huggins has

been, and is now ,a duly enrolled member of the Bar of the Supreme Court of the state of Oklahoma and of the State Bar of Oklahoma.

"2. That the respondent on June 27, 1929, and at all times since, had actual knowledge of the making and filing, on June 27, 1929, of the order requiring his client Bass to pay alimony, etc., which is recorded in journal 15 at page 639 of the records of the district court in and for Seminole county, which erroneously recited that the cause in which it was entered came on for hearing 'on this the 28th day of June, 1929.'

"3. That the respondent knowingly and willfully prepared a false and incorrect transcript of the proceedings pending in the district court in and for Seminole county, Okla., in cause No. 14348, entitled E. W. Bass v. Maggie Bass, and knowingly and willfully attached the same or caused it to be attached to a petition for a writ of habeas corpus which he filed in the office of the Clerk of the Supreme Court of the state of Oklahoma, which is located in Oklahoma county, Okla., in cause No. 20668, entitled 'In the Matter of the Habeas Corpus of E. W. Bass,' which petition recited that the transcript was 'entire and complete and all of the record in said case * * * and made a part of the application herein; and that the respondent presented said false transcript to the Supreme Court of the state of Oklahoma at its courtroom in Oklahoma county, Okla., knowing that said transcript was false and incorrect.'

"4. That the respondent knew at the time of the preparation and filing of the transcript in the office of the Clerk of the Supreme Court, which is located in Oklahoma county, Okla., and at the time of the presentation thereof to the Supreme Court that the reference in the order of July 19, 1929, to an order made and entered on the '28th day of June, 1929, referred to the order actually made and filed in the divorce proceedings on June 27, 1929, and recorded in journal 15, at page 639, of the records of the district court in and for Seminole county, Okla.

"5. That said transcript was false and incomplete and incorrect in that:

"(a) It omitted the order entered in the cause of Bass v. Bass by Judge Babcock on the 27th day of June, 1929; and inserted the order made in said cause by the judge of the county court of Seminole county on June 15, 1929;

"(b) It contained a false citation purported to have been issued by Judge Bab-

cock on July 16, 1929, requiring E. W. Bass to show cause why he should not be held in contempt for failure to comply with the order of the court entered on the 15th day of June, 1929,' whereas in truth and in fact the true citation issued and filed, and recorded in journal 15, at page 589, of the records of the court required E. W. Bass to show cause why he should not be held in contempt of the court for failure to comply with the order on the 27th day of June, 1929.

"6. That the respondent knowingly and and willfully attached said false and incorrect transcript to the petition for the writ of habeas corpus and presented it to the Supreme Court in Oklahoma county, Okla., for the purpose of deceiving the Supreme Court of Oklahoma in its consideration of the habeas corpus proceedings.

"7. That the respondent knowingly and willfully prepared a petition for a writ of habeas corpus and filed the same in the office of the Clerk of the Supreme Court of this state in cause No. 14348, entitled E. W. Bass v. Maggie Bass, which contained the following untrue and false allegations, which were at all times known to him to be untrue and false, to wit:

"(a) That the cause of said restraint and unlawful imprisonment being so far as known to your petitioner is for a contempt of court for failure to pay alimony and attorney's fees as provided in a certain order denominated a 'restraining order'.

"(b) That said certified record shows on its face that the said applicant herein had never been ordered to do anything by a court or judge possessing jurisdiction to do anything but issue a restraining order.

"(c) That the plaintiff in the district court was cited to show cause why, he should not be held in contempt of the order made on the 15th day of June, 1929.

"8. That the respondent caused and procured said petition containing the aforesaid false and untrue allegations, known to him to be false and untrue, to be verified by his client E. W. Bass."

As we view this entire record, we are of the opinion that the evidence amply justifies the conclusion that the recommendation of the Board of Governors should be approved.

Respondent disbarred.

CULLISON, V. C. J., and. SWINDALL, BAYLESS, and WELCH, JJ., concur.